IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
CASE NO. 2:20-CV-00024-M

| | |
|---|---|
| KIMBERLY BALLENTINE BROOKOVER,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI,[1]<br>*Acting Commissioner of Social Security*,<br><br>Defendant. | **ORDER** |

This matter is before the court on the Memorandum and Recommendation ("M&R") of United States Magistrate Judge Robert B. Jones, Jr. [DE-35] to deny Plaintiff Kimberly Ballentine Brookover's ("Brookover") Motion for Judgment on the Pleadings, grant Defendant's Motion for Judgment on the Pleadings, and uphold the final decision of the Commissioner. Brookover filed objections to the M&R [DE-36]. No response to the objections was filed. The matter is ripe for ruling.

I.    Standard of Review

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotations omitted); *see* 28 U.S.C. § 636(b). Absent timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is automatically substituted, in place of Andrew M. Saul, as the Defendant in this action. No further action need be taken to continue this suit. 42 U.S.C. § 405(g).

*Diamond*, 416 F.3d at 315 (citation and quotations omitted).

II.     Brookover's Objections

Brookover does not lodge objections to the M&R's "Statement of the Case" section, "Standard of Review" section, "Disability Evaluation Process" section, or "ALJ's Findings" section. The court finds no clear error with those sections on the face of the record and therefore adopts and incorporates by reference those portions of the M&R as if fully set forth herein. Instead, Brookover re-alleges the six claims of error committed by the Administrative Law Judge ("ALJ") that were considered and rejected by Judge Jones. In her objections, Brookover "relies upon the specific arguments advanced and set forth in her Brief In Support of Motion for Judgment on the Pleadings filed on January 15, 2021," DE-36 at 1, and "contends that her arguments and contentions on each issue were more fully discussed and set forth in her Brief . . . ," *id.* ¶ 7.

While this court's review of objected-to, magistrate-judge findings will be de novo,[2] "[w]e uphold a Social Security disability determination if (1) the ALJ applied the correct legal standards and (2) substantial evidence supports the ALJ's factual findings." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 94 (4th Cir. 2020) (citations omitted). The standard applied to the substantial-evidence inquiry is a deferential one, review being limited to whether the ALJ "'buil[t] an accurate and logical bridge' from the evidence to their conclusion." *Id.* at 95 (citations omitted); *see also*

---

[2] Though the court conducted a de novo review here, it notes for the record that "general, non-specific objections are not sufficient." *Suttles v. Chater*, 107 F.3d 867, 1997 WL 76900, at *1 (4th Cir. 1997) (unpublished table decision) (per curiam) (citing *Howard v. Secretary*, 932 F.2d 505, 508-09 (6th Cir. 1991) and *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1985)); *see also Parsons v. Berryhill*, No. 2:16–CV–743, 2018 WL 1511160, at *2 (E.D. Va. Mar. 27, 2018) ("The Court may reject perfunctory or rehashed objections to [M&Rs] that amount to 'a second opportunity to present the arguments already considered by the Magistrate[]Judge.'") (citations omitted); *New York City Dist. Council of Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) ("When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the [R & R] strictly for clear error. . . . Objections of this sort are frivolous, general and conclusory and would reduce the magistrate's work to something akin to a meaningless dress rehearsal. . . . The purpose of the Federal Magistrates Act was to promote efficiency of the judiciary, not undermine it by allowing parties to relitigate every argument which it presented to the Magistrate Judge.") (internal quotations and citations omitted).

*Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) ("In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner].") (citation omitted); *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997) (discussing that a court's review is focused on whether the ALJ analyzed the relevant evidence and sufficiently explained his findings and rationale in crediting the evidence). After a de novo review the court finds that no errors were made by the ALJ, overrules the objections, adopts the thorough rationale and explanation of the remaining section of the M&R, "Discussion," and concurs in the M&R's recommended rulings. Below, the court provides additional observations based upon its de novo review of the objections, the briefing, and the record before it.

>  A. The ALJ did not err in finding that Brookover's narcolepsy was a nonsevere impairment.

Brookover asserts that the ALJ erred by failing to find that narcolepsy was a severe impairment. DE-26 at 25. Brookover directs the court to two portions of the record, testimony of Brookover herself regarding why she left her job as a school bus driver, R.[3] 45-46, and a May 2016 functional capacity evaluation performed by a physical therapist ("May 2016 evaluation"), R. 824.

In making his determination about narcolepsy, among other certain impairments, the ALJ explained that "[t]he evidence does not show that the claimant's medically determinable impairments . . . impose more than a minimal limitation on her ability to perform basic work activities." R. 15. The ALJ supported this conclusion by explaining

> [t]hese impairments [including narcolepsy] appear at one point or another in the medical evidence of record, usually in the context of routine office visits. The record reveals that the claimant received either brief, routine, conservative treatment, or, at times, more involved treatment, but in either case, there is no

---

[3] "R." denotes a reference to the transcript of the entire record of proceedings before the Social Security Administration, appearing at Docket Entries 18 through 21. Page references are to those assigned by the transcript index, no those assigned by the CM/ECF electronic docketing system.

> evidence that these impairments resulted in lasting sequelae. The evidence does not reveal that these impairments result in any work[-]related limitations.

*Id.*

Brookover's difficulty staying awake precipitated her decision to stop driving a school bus and undergo a sleep study in May 2015, which she reported resulted in a narcolepsy diagnosis. R. 45-46; *cf.* R. 601-08 (polysomnography interpretation), 602 (diagnosis: primary snoring; there was moderate elevation of AHI [measuring sleep apnea severity] during REM sleep). However, there is no other indication that Brookover's narcolepsy "resulted in lasting sequelae." R. 15. The ALJ noted that the May 2016 evaluation, which will be discussed below, equivocally indicated "narcolepsy could potentially limit the claimant's ability to function in competitive full[-]time employment." R. 24. A further review of the record reveals that evaluations from neurologist Dr. Soham Sheth reported that Brookover "has a history of possible narcolepsy," R. 1020, with repeated reports of "could clinically have narcolepsy" over a three-year period, *see* R. 938 (June 2018), 942 (January 2018), 619 (January 2017), 577 (August 2016), 584 (April 2016), 587 (February 2016), 590 (October 2015), 594 (August 2015), 597 (June 2015). The court was unable to locate a definitive diagnosis and course of treatment for narcolepsy and, as indicated above, Brookover directed the court to just two portions of the record on this point, R. 45-46 (Brookover's testimony), 824 (May 2016 evaluation). Based on the above, and keeping in mind that the court's role is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]," *Mastro*, 270 F.3d at 176, it finds that the ALJ analyzed the relevant evidence and sufficiently explained his rationale in declining to find that narcolepsy was a severe impairment for Brookover. Furthermore, the ALJ considered Brookover's reported symptoms of narcolepsy—"severe fatigue"—and appropriately included a corresponding limitation in the residual functional capacity evaluation ("RFC")—"it would be dangerous for her

4

to work around dangerous or moving mechanical parts and unprotected heights." R. 22; *see Jones v. Astrue*, No. 5:07–CV–452–FL, 2009 WL 455414, at *2 (E.D.N.C. Feb. 23, 2009) (agreeing with various circuit and district courts in that an ALJ's failure to find a particular impairment severe at step two does not constitute reversible error where the ALJ determines that a claimant has other severe impairments and proceeds to evaluate all the impairments at the succeeding steps in the evaluation).

> B. The ALJ did not err in declining to give weight to the May 2016 evaluation.

Brookover argues that the ALJ did not give sufficient weight to the May 2016 evaluation. DE-26 at 26. In fact, the ALJ gave "no weight" to the evaluation and explained why. R. 24. The ALJ gave three reasons for discounting the physical therapist's opinions: they were "often vague, at times do not specify the most that the claimant is capable of in a work setting as required by SSR 96-8p, and are made by a physical therapist who is not an acceptable medical source in accordance with Social Security Regulations . . . ." *Id.* The court concludes that the ALJ analyzed the relevant evidence and sufficiently explained his findings and rationale. *Sterling Smokeless Coal Co.*, 131 F.3d at 439-40. In Brookover's original briefing, she adds that the May 2016 evaluation was consistent with the record established by Dr. Pennington's course of treatment. DE-26 at 27. As discussed below, Dr. Pennington's course of treatment was considered by the ALJ and a corresponding limitation placed in the RFC.

> C. The ALJ did not err in finding that Brookover could perform a modified range of light work.

Brookover challenges the ALJ's finding that she could perform light work. Instead, she contends that the record evidence supports a finding that Brookover "cannot sit, stand or walk for six hours in an eight-hour workday . . . cannot lift and carry 10 pound[s] on a frequent basis and would have great difficulty bending, stooping and crouching on a frequent basis." DE-26 at 30. To

5

support this contention, Brookover directs the court to the following medical evidence, the May 2016 evaluation and Dr. Pennington's course of treatment, which she asserts was corroborated by her own hearing testimony and lay-witness observation. *Id.* Dr. Pennington's course of treatment for pain management due to Brookover's long-standing difficulties with axial spinal pain in the lumbar area began in approximately October 2011 and lasted through at least September 2018, according to the medical records available to the court. *Id.* at 3-5; R. 432, 1098-1106.

For the reasons already discussed, the ALJ did not err in weighing the May 2016 evaluation. The ALJ thoroughly summarized the record evidence, including testimony from Brookover and that of her friend, Shani Hall Selby, and explained the weight he attributed to that evidence and the reasons for those determinations. R. 17-25. This summary included a review of Brookover's "longstanding history of degenerative disc disease, as showed by multiple MRIs and x-rays, as early as October 2011 . . . ." R. 19. The ALJ considered Brookover's

> degenerative disc disease, . . . reduc[ing] her to the point that she would need the option to alternate between sitting, standing, and walking every 45 minutes without having to leave her workstation. She is further unable to climb ladders, ropes, and scaffolds. However, despite her spinal impairment, she is able to occasionally stoop, kneel, and climb stairs and ramps.

R. 20. In light of Brookover's generalized claim of error, the court cannot determine how Dr. Pennington's course of treatment was not considered and accounted for in the ALJ's RFC. The court finds no error in the ALJ's determination that Brookover has the residual functional capacity to perform light work, specifically a reduced range of unskilled work. R. 25.

> D. The ALJ did not err in failing to find Brookover disabled under Vocational Rule 201.14.

As Brookover concedes, "[t]o meet the disability requirements of Rule 201.14, Kimberly must be age 50 or over (approaching advanced age); *have an RFC limited to sedentary exertional level* as a result of a severe medically determinable impairment; be a high school graduate and

6

have previous work experience as skilled or semi-skilled where skills are not transferable." DE-26 at 27-28 (emphasis added). Because the ALJ did not err in finding that Brookover could perform a modified range of light work, see discussion above, by her own concession she does not meet the requirements of Rule 201.14, and therefore the ALJ did not err in failing to find Brookover disabled under the rule.

> E. The ALJ did not err in assessing whether Brookover's statements were consistent with the medical and other evidence regarding her fibromyalgia diagnosis.

In her fifth objection, Brookover asserts that the ALJ failed to properly assess her statements concerning the intensity, persistency, and limiting effects of her symptoms and their consistency with medical and other evidence in the record, with an emphasis on fibromyalgia. DE-26 at 30-33. The ALJ's findings include that Brookover suffers from fibromyalgia, which he classified as a severe impairment. R. 15. The ALJ summarized Brookover's testimony regarding her fibromyalgia. R. 18-19. The ALJ considered and credited the testimony "and found this impairment to significantly limit her ability to perform significant gainful activity. The medical evidence shows that the claimant has a longstanding history of generalized weakness, pain, and fatigue throughout the record." R. 21. Despite this diagnosis and considering the other evidence available in the record, the ALJ still found Brookover to be capable of performing light work. R. 22. This court finds no error with the ALJ's finding nor that he impermissibly discounted Brookover's subjection complaints regarding symptoms of fibromyalgia. *See Arakas*, 983 F.3d at 97 ("A growing number of circuits have recognized fibromyalgia's unique nature and have accordingly held that ALJs may not discredit a claimant's subjective complaints regarding fibromyalgia symptoms based on a lack of objective evidence substantiating them . . . Today, we join those circuits . . . .") (citations omitted).

7

F. The ALJ did not err in failing to set forth all of Brookover's limitations in the hypothetical posed to the vocational evaluator.

Brookover argues that the ALJ's hypothetical question posed to the vocational evaluator did not consider her limitations as articulated in the May 2016 evaluation, which were consistent with Dr. Pennington's course of treatment. DE-26 at 33-35. The court concurs with the determination of Judge Jones, namely that this final argument is derivative of arguments previously made and addressed above.

III. Conclusion

Having reviewed Brookover's objections de novo, the court: (1) ADOPTS the M&R [DE-35]; (2) UPHOLDS the decision of the Commissioner of the Social Security Administration; (3) DENIES Brookover's Motion for Judgment on the Pleadings [DE-25]; and (4) GRANTS Defendant's Motion for Judgment on the Pleadings [DE-33]. The Clerk of Court is DIRECTED to enter judgment in favor of Defendant and to forward a copy of this Order to Brookover and all counsel of record.

SO ORDERED this 9th day of August, 2021.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

8